```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                    x
                                    :
UNITED STATES OF AMERICA            :     ORDER
                                    :
         - v. -                     :     18 Cr. 712 (LGS)
                                    :
ARTHUR GRANDE,                      :
                                    :
                     Defendant.     :
                                    :
                                    x
```

LORNA G. SCHOFIELD, U.S.D.J.

Upon the application of defendant Arthur Grande, pursuant to 18 U.S.C. § 3142(i) for temporary release from custody during the current COVID-19 pandemic (Dkt. No. 71), and the Government's consent based on the terms and conditions set forth herein, IT IS HEREBY ORDERED:

1. The Court's decision in this case is based on, among other things, the unique confluence of serious health issues and other risk factors facing this defendant, including the defendant's age, diabetes, and chronic obstructive pulmonary disease, which place him at a substantially heightened risk of dangerous complications should he contract COVID-19 as compared to most other individuals. Accordingly, this Order should not be construed as a determination by this Court that pretrial detention is unsafe or otherwise inappropriate as a general matter or in any other specific case.

2. Pursuant to 18 U.S.C. § 3142(i), the Court concludes that compelling reasons exist for temporary release of the defendant from custody during the current public health crisis.

1

Accordingly, the defendant's application is GRANTED pursuant to the following conditions:

3. The Clerk of Court is directed to prepare a personal recognizance bond with the following conditions of release:

    a. A personal recognizance bond in the amount of $50,000, to be signed by the defendant;

    b. All mandatory conditions of release included in this Court's standard "Order Setting Conditions of Release" form;

    c. Home incarceration at his marital residence at 20 Rigimar Court, Staten Island, New York, with monitoring by means chosen at the discretion of Pretrial Services. The defendant shall be on 24-hour lockdown in his residence except for emergency medical visits and visits with his attorneys. Any other leave from the residence must be approved by either the Pretrial Services officer or by the Court on application from defense counsel.

    d. Pretrial Services supervision as directed by the Pretrial Services Office;

    e. Surrender all passports and other travel documents and make no applications for new or replacement documents;

    f. Drug testing and treatment as directed by the Pretrial Services Office;

    g. The defendant shall not possess a firearm, destructive device, or other weapon;

    h. The defendant shall not use or possess any narcotic drug or controlled substance unless prescribed by a licensed medical practitioner;

i.  Upon the entry of this order, the defendant will be released directly from the Westchester County Jail, rather than being brought to the federal courthouse for release;

j.  Upon the defendant's release, the defendant must go directly to the Pretrial Services Office to be fitted with an electronic monitor, and then must go directly to his residence at 20 Rigimar Court, Staten Island, New York; and

k.  Within 24 hours of being released, the defendant will sign the bond and surrender any travel documents or firearms.

4.  The Pretrial Services Office is directed to immediately alert the Court, the Government, and defense counsel of any violation of the above conditions, without need for a formal violation petition. The defendant is hereby notified that violation of the conditions of release will likely result in revocation of this temporary release.

5.  This Order is subject to modification or revocation by the Court at any time. The Court intends to terminate the defendant's temporary release, return the defendant to pretrial detention, and conduct the pending sentencing proceeding as soon as the Court concludes that the defendant no longer faces the acute health risk posed by the current circumstances.

6.  This Order is without prejudice to any future application by either party seeking to amend it.

SO ORDERED.

Dated: New York, New York
       April 3, 2020

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE